**EXHIBIT A**

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065

STATE OF SOUTH CAROLINA

COUNTY OF OCONEE

Darlene Davis,

                Plaintiff,

vs.

Dolgencorp, LLC,

                Defendant.

IN THE COURT OF COMMON PLEAS
TENTH JUDICIAL CIRCUIT

**SECOND
AMENDED SUMMONS**

C.A. NO. 2022-CP-37-00065

*(Jury Trial Demanded)*

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber at this office at 2124 Highway 81 North, Anderson, SC 29621, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff(s) in this action will apply to the Court for the said relief demanded in the Complaint.

TO INFANT(S) OVER FOURTEEN YEARS OF AGE (AN IMPRISONED PERSON):

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent you in this action within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

TO INFANT(S) UNDER FOURTEEN YEARS OF AGE (INCOMPETENT OR INSANE) AND TO, (GENERAL OR TESTAMENTARY GUARDIAN) (COMMITTEE) WITH WHOM (S)HE/(THEY) RESIDE(S):

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent said infant(s) under fourteen years of age (said incompetent or insane person) within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

          s/ Larry A. Welborn
          Larry A. Welborn, SC Bar #12972
          **HARBIN & BURNETT, LLP**
          2124 North Highway 81 (29621)
          P O Box 35
          Anderson, SC 29622
          (864) 964-0333
Anderson, South Carolina      (864) 964-0930 (fax)
March 1, 2022               *Attorney for the Plaintiff*

**EXHIBIT A**

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF OCONEE | TENTH JUDICIAL CIRCUIT |
| Darlene Davis, | **SECOND AMENDED COMPLAINT** |
| Plaintiff, | C.A. NO. 2022-CP-37-00065 |
| vs. | |
| Dolgencorp, LLC, | ***(Jury Trial Demanded)*** |
| Defendant. | |

The Plaintiff, complaining of the Defendant herein, would respectfully show and allege unto the Court as follows:

## PARTIES AND JURISDICTION

1.    The Plaintiff, Darlene Davis, is a citizen and resident of the County of Oconee, State of South Carolina.

2.    The incident complained of herein occurred within the premises known as "Dollar General" located 15421 Wells Highway, Seneca, South Carolina, which is located in the County of Oconee, State of South Carolina.

3.    Upon information and belief, the Defendant Dolgencorp, LLC, is a for-profit corporation organized in a state other than South Carolina and existing under the laws of the State of South Carolina, doing business in the County of Oconee, State of South Carolina. Upon further information and belief, Dolgencorp, LLC, is a fully owned subsidiary of Dollar General Corporation. Upon further information and belief, the Defendants did own, operate, control, direct and/or manage the subject premises where the subject incident occurred and was doing business as Dollar General.

4.    At the time of the incidents giving rise to the Plaintiff's claims, the Defendant, Dolgencorp, LLC, acted by and through their agents, contractors, and employees, for the purpose of carrying on their business as a store and therefore, is liable for the negligent acts of its agents,

contractors, and employees under the theories of vicarious liability or *Respondeat Superior.*

5.    The facts and circumstances alleged herein and giving rise to the Plaintiff's Complaint occurred in the County of Oconee, State of South Carolina.  Jurisdiction and venue are proper in this judicial circuit pursuant to South Carolina Code Ann. § 15-7-30(B).

6.    This action is brought for damages and other appropriate relief pursuant to the statutory and common law of the State of South Carolina.

### FACTS

7.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

8.    On or about March 8, 2019 Darlene Davis was lawfully on the subject premises as a business invitee of Defendant for the purpose of shopping at the Defendant's store.

9.    As Mrs. Davis entered the store, the floor was very slick and wet and she slipped and fell.  At the time of her fall, there were no "wet floor" signs or any warning to invitees of the danger.

10.    As a proximate and direct result of her fall, Mrs. Davis has personal injuries, severe pain and suffering, and other damages.

11.    Mrs. Davis had to be transported by ambulance to Oconee Memorial Hospital, where she received treatment for her injuries.

12.    Mrs. Davis suffered severe pain and suffering and mental distress as a proximate result of the negligence of the Defendant.

13.    The Defendant owned, maintained and/or controlled the premises where Darlene Davis slipped and fell.

14.    There was not a wet floor sign present in the area where the floor was wet.

15.    Defendant knew or should have known, in the exercise of reasonable care, of the existence of the dangerous and hazardous condition of the floor. Despite this knowledge or

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065

constructive knowledge, Defendant refused and failed to remedy the dangerous and hazardous condition on their premises.

16.    The Defendant refused and failed to warn Darlene Davis of the dangerous and hazardous condition of the floor.

17.    As a proximate and direct result of Defendant's acts and omissions, as described herein, Darlene Davis suffered personal injuries, severe pain and suffering, and other damages for which the Defendant is liable.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)

18.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

19.    The Defendant owed Darlene Davis a duty to maintain their premises in a reasonably safe condition, to refrain from conduct that would injure Darlene Davis, to prevent and/or remedy hazards and/or dangerous conditions on their premises that could injure Darlene Davis, and to warn Darlene Davis of any hazards or dangerous conditions on their premises.

20.    The Defendant, negligently, grossly negligently, carelessly, recklessly, willfully and wantonly breached their duty owed to Darlene Davis by committing one or more of the following actions and/or omissions:

a.    Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly allowing a slipping hazard to be created on the premises by allowing water, and/or other substances to spill onto or accumulate on the floor of the entrance to the premises;

b.    Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing to remove or clean up water, and/or other substances from the floor of the entrance to the premises that Defendant had allowed to accumulate or had negligently caused to be on the floor;

EXHIBIT A

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065

c.      Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing to reasonably and adequately place cones, signs or otherwise reasonably and adequately warn or advise Mrs. Davis of the presence of water and/or other substances on the floor of the entrance to the premises;

d.      Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing to take appropriate corrective or remedial action to prevent the accumulation water and/or other substances on the floor of the entrance to the premises;

e.      Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing to utilize an appropriately skid-resistant substance or material on the floor of the entrance to the premises;

f.      Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing to properly inspect timely the area of the entrance to the premises where Mrs. Davis' fall occurred in order to locate and remedy slipping hazards and/or dangerous conditions within the entrance to the premises;

g.      Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing to discover or exercise reasonable supervision that would have allowed discovery of the unreasonably dangerous condition as described herein on the premises;

h.      Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing to correct the dangerous condition as described herein; or to supervise or inspect this act or hire those competent to so correct or supervise;

i.      Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing to reasonably and adequately warn invitees and others lawfully on the premises, in particular Mrs. Davis, of the impending danger as described herein; or to supervise or inspect this act or hire those competent to so reasonably and

## EXHIBIT A

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065

adequately warn or supervise;

j.     Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly

failing to take reasonable care to protect invitees, in particular Mrs. Davis, from

such dangerous conditions as described herein which may cause them harm; or

to supervise this act or hire those competent to do so;

k.     Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly

failing to train agents, servants and/or employees to discover dangerous hazards

which could be dangerous to invitees, in particular Mrs. Davis, or to supervise the

act or hire those competent to do so;

l.     Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing

to train agents, servants and/or employees that, upon discovery of dangerous

hazards, such as water on the entrance to the premises, appropriate action must

be immediately taken to reasonably and adequately warn invitees, to protect

invitees from harm, and to correct and repair such dangerous hazards before injury

could occur;

m.    Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing

to develop guidelines, standards and/or policies to require agents, servants and/or

employees to take appropriate action to protect invitees, from dangerous

conditions; or in the alternative, if Defendant developed such guidelines, standards

and/or policies, Defendant negligently, grossly negligently, recklessly, carelessly,

willfully and wantonly failed to train agents, servants and/or employees in their use

or to enforce their use by agents, servants and/or employees;

n.     Negligently, grossly negligently, recklessly, carelessly, willfully and wantonly failing

to do what was reasonably prudent under the circumstances existing at the time

and place complained of herein; and/or

o.     In being otherwise negligent, grossly negligent, reckless, careless, willful and

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065

wanton at the time and place complained of which will be proven at trial.

21.    All of the above acts and omissions are negligent, grossly negligent, reckless, willful and wanton, and in direct violation of the statutory and common laws of the State of South Carolina.

22.    The injuries and damages suffered by Darlene Davis, as described herein, were the direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts or omissions of the Defendant, as set forth above.

23.    As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of the Defendant, as described herein, Darlene Davis is entitled to recover actual and compensatory damages from the Defendants, in an amount to be proven at trial.

24.    As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of the Defendant, as described herein, Darlene Davis is entitled to recover punitive and exemplary damages from the Defendant, in an amount as to be proven at trial.

## SECOND CAUSE OF ACTION
### (GROSS NEGLIGENCE)

25.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

26.    The acts and omissions of the Defendant, including but not limited to those outlined above, amount to gross negligence, recklessness, carelessness, and a willful and wanton disregard for the safety and well-being of Darlene Davis and others. Defendant, breached its duty to Darlene Davis by committing said grossly negligent, reckless, careless, willful and wanton acts and/or omissions.

27.    The injuries and damages suffered by Darlene Davis, as described herein, were

EXHIBIT A

the direct and proximate result of the grossly negligent, reckless, careless, willful and wanton acts and/or omissions of the Defendant, as set forth above.

28.     As a direct and proximate result of the grossly negligent, reckless, careless, willful and wanton acts and/or omissions of the Defendant, as described herein, Darlene Davis is entitled to recover actual and compensatory damages from the Defendants, in an amount to be proven at trial.

29.     As a direct and proximate result of the grossly negligent, reckless, careless, willful and wanton acts and/or omissions of the Defendant, as described herein, Darlene Davis is entitled to recover punitive and exemplary damages from the Defendant in an amount as to be proven at trial.

## DAMAGES

30.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

31.     As a direct and proximate result of the negligence, gross negligence, recklessness, carelessness, willfulness and wantonness of the Defendant, as described herein, Darlene Davis was injured seriously, severely and permanently, and suffered the following damages:

    a.  Bodily injuries;

    b.  Past and present physical pain and suffering;

    c.  Future physical pain and suffering as is reasonably certain will result;

    d.  Past and present medical and hospital expenses;

    e.  Future medical expenses and medical care which are reasonably certain to occur;

    f.  Past and present severe mental and emotional distress;

    g.  Future severe mental and emotional distress which is reasonably certain to occur;

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065

EXHIBIT A

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065

h.  Past and present loss of quality of life;

i.  Past and present loss of enjoyment of life;

j.  Future loss of quality of life which is reasonably certain to occur;

k.  Future loss of enjoyment of life which is reasonably certain to occur;

l.  Pecuniary loss;

m.  Future pecuniary loss which is reasonably certain to occur;

n.  Disablement from usual and customary activities;

o.  Embarrassment;

p.  Humiliation;

q.  Such other injuries and damages as will be shown at trial; and

r.  Punitive damages.

32.    As a direct and proximate result of the negligence, gross negligence, recklessness, carelessness, willfulness and wantonness of the Defendant, as described herein, Darlene Davis is entitled to recover actual, compensatory, punitive and exemplary damages from the Defendant in an amount as to be proven at trial.

## PUNITIVE DAMAGES

33.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

34.    That the acts and/or omissions of the Defendant stated in the above causes of action were willful, wanton and/or in reckless disregard for the safety and well-being of Darlene Davis and others.

35.    That the conduct of the Defendant herein justifies an award of punitive damages for each and every claim of Plaintiff as set forth herein.

**WHEREFORE**, the Plaintiff demands a trial by jury pursuant to Rule 38(b) of the South Carolina Rules of Civil Procedure (SCRCP), and Plaintiff prays for judgment against the

## EXHIBIT A

Defendant, for actual, compensatory, exemplary and punitive damages in an amount to be determined by the jury, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

<table>
<tr><td></td><td>s/ Larry A. Welborn</td></tr>
<tr><td></td><td>Larry A. Welborn, SC Bar #12972</td></tr>
<tr><td></td><td><strong>HARBIN & BURNETT, LLP</strong></td></tr>
<tr><td></td><td>2124 North Highway 81 (29621)</td></tr>
<tr><td></td><td>P O Box 35</td></tr>
<tr><td></td><td>Anderson, SC 29622</td></tr>
<tr><td></td><td>(864) 964-0333</td></tr>
<tr><td>Anderson, South Carolina</td><td>(864) 964-0930 (fax)</td></tr>
<tr><td>March 1, 2022</td><td><em>Attorney for the Plaintiff</em></td></tr>
</table>

ELECTRONICALLY FILED - 2022 Mar 01 4:15 PM - OCONEE - COMMON PLEAS - CASE#2022CP3700065